UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Total Automotive, Inc.,                                              Civil No. 16-1307 (JRT/FLN)

             Plaintiff,

v.                                                                                      **REPORT AND RECOMMENDATION**

Supply Line International, LLC et al.,

             Defendants.
_____

Jodi Johnson for Plaintiff.
Marshall Tanick and Brian Niemczyk for Defendants.
_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on July 15, 2016 on Plaintiff Total Automotive, Inc.'s motion to remand to state court (ECF No. 10). This matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. Order, ECF No. 19. For the reasons that follow, the Court recommends that Plaintiff's motion be **GRANTED** and this action be **REMANDED** to Carver County District Court.

### I. FINDINGS OF FACT

**A.    Procedural history**

Non-party Eric Schilling is a former employee of Plaintiff. Plaintiff filed a lawsuit against Schilling in Carver County District Court, alleging that he violated a non-compete agreement both during and after his tenure working for Plaintiff. Pl.'s Mem. in Supp. 4, ECF No. 12. On December 21, 2015, Plaintiff filed the present lawsuit in Carver County District Court against Supply Line International, LLC ("SLI") and Global Parts Connection, LLC ("GPC"), alleging: tortious interference with Schilling's employment agreement with Plaintiff, violation of Minnesota's Uniform Trade Secrets Act, unfair competition, tortious interference with prospective economic

advantage, fraud, negligent misrepresentation, and conspiracy. ECF No. 12 at 5. Plaintiff subsequently amended his Complaint against SLI and GPC on April 21, 2016 to add claims against Auto Source Network, LLC, Supply Line International Medical, LLC, MedVendLLC, LLC, Scott Bruno, and Joshua Kaplan. *See* Am. Compl., ECF No. 1-1. Defendant Bruno, acting *pro se*, removed this action to the District of Minnesota on May 17, 2016, invoking the Court's diversity jurisdiction. Not. of Removal, ECF No. 1. Plaintiff's lawsuit against Schilling remains pending in Carver County.

Plaintiff, a Minnesota corporation, now seeks to remand this action back to Minnesota state court, arguing that complete diversity does not exist between the parties. Mot. to Remand, ECF No. 10. Plaintiff's motion rests on its belief that Schilling, who is a citizen of Minnesota, is a member of GPC. Given that the citizenship of a limited liability company is determined by the citizenship of its members, Plaintiff argues that GPC is not diverse from Plaintiff. ECF No. 12 at 1–2. Defendants[1] oppose the motion and assert that Schilling is not a member of GPC. Opp'n Mem. 1, ECF No. 32.

**B.    Schilling's relationship with SLI and GPC**

Plaintiff states that while Schilling was still under Plaintiff's employ, he and SLI entered into a Partnership and Employment Agreement ("the Agreement") whereby the two parties agreed to create a new limited liability company: Defendant GPC.[2] ECF No. 12 at 7; Johnson Decl. Ex. A, ¶ 1(a), ECF No. 13. Under the terms of the Agreement, SLI was entitled to an 81% membership

---

[1] Although Defendant Bruno was proceeding *pro se* at the time of the removal, all Defendants are now represented by Hellmuth & Johnson PLLC and The Berris Law Firm, P.C.

[2] Although GPC is not named in the Agreement, there is no dispute that GPC is the limited liability company contemplated by the Agreement.

interest in GPC, and Schilling was entitled to a 19% membership interest. *Id.* Ex. A, ¶ 1(b). This membership interest was granted "[u]pon the establishment of [GPC]." *Id.* The Agreement also included terms outlining Schilling's status as an employee of GPC, including his duties, term of employment, compensation, and benefits. *Id.* Ex. A, ¶¶ 2–6. The parties included in the Agreement a written modification that states: "No modifications, terminations or attempted waiver shall be valid unless in writing and signed by the party against whom the same is sought to be enforced." *Id.* Ex. A, ¶ 15. The Agreement was signed by Schilling and SLI on July 13, 2015, with an effective date of September 1, 2015.

Despite this signed contract, Defendants contend that the Agreement "never went into effect." ECF No. 32 at 6. After Schilling left his employment with Plaintiff, Defendants state that SLI became concerned that Schilling took confidential information from Plaintiff. *Id.* As a result, Defendants claim that Schilling was informed in "mid-September 2015" that the Agreement and his employment were "on hold" until it could be determined whether Schilling could perform any work for GPC. *Id.* Joshua Kaplan, the majority member of SLI, attests that Schilling "understood" that the Agreement would be put on hold and that he would not receive any membership interest or employment benefits from GPC. Kaplan Supp. Aff. ¶ 5, ECF No. 51.

Plaintiff disagrees and claims that the Agreement went into effect on September 1, 2015, and Schilling automatically became a member of GPC when GPC filed its Articles of Incorporation on September 10, 2015. Plaintiff has submitted an affidavit from Schilling, who states that he remains a member of GPC. Schilling Aff., ECF No. 42.

The issue for the Court, therefore, is whether Schilling was a member of GPC at the time this lawsuit commenced.

## II. LEGAL STANDARD

A federal district court will remand an action to state court if it lacks subject matter jurisdiction over the asserted claims. *Crosby v. Aid Ass'n for Lutherans*, 199 F.R.D. 636, 638 (D. Minn. 2001) (citing 28 U.S.C. § 1447(c)). "In reviewing a motion to remand, the court must resolve all doubts in favor of a remand to state court, and the party opposing remand has the burden of establishing federal jurisdiction by a preponderance of the evidence." *Id.* (citing *In re Business Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993)).

Federal court diversity jurisdiction is set out in 28 U.S.C. § 1332: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a). Diversity jurisdiction requires complete diversity of citizenship among the litigants. *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *Id.* Jurisdiction under § 1332(a) "depends upon the citizenship of the parties at the time the action is commenced." *Chavez-Lavagnino v. Motivation Educ. Training, Inc.*, 714 F.3d 1055, 1056 (8th Cir. 2013). "The parties must be diverse both when the plaintiff initiates the action in state court and when the defendant files the notice of removal in federal court." *Id.*

## III. CONCLUSIONS OF LAW

**A.     GPC's citizenship**

Defendant GPC is a limited liability company. "An LLC's citizenship, for purposes of diversity jurisdiction, is the citizenship of each of its members." *OnePoint Sols., LLC*, 486 F.3d at 346. Here, there is no dispute that Plaintiff and Schilling are citizens of Minnesota. *See* ECF No. 1-1

¶ 1; ECF No. 12 at 1; ECF No. 32 at 2, 10. If Schilling was a member of GPC at the time this lawsuit commenced, complete diversity between the parties does not exist.

After reviewing the record, the Court concludes that Schilling was a member of GPC at the time this action commenced. The Agreement between SLI and Schilling explicitly states that "[u]pon the establishment of [GPC]," Schilling would become a member of GPC with a 19% membership interest. ECF No. 13 Ex. A, at ¶ 1(b). It also states that "[n]o modifications, terminations or attempted waiver shall be valid unless in writing and signed by the party against whom the same is sought to be enforced." *Id.*, Ex. A, ¶ 15. The Agreement became effective on September 1, 2015. *Id.*, Ex. A, Introductory paragraph. Pursuant to the unambiguous language of the Agreement, it is clear that Schilling became a member of GPC as of at least September 10, 2016, the day GPC's Articles of Incorporation were filed.

Although Defendants argue that the Agreement "never went into effect" due to Kaplan's conversations with Schilling in "mid-September 2015," Defendants fail to acknowledge that the Agreement became effective on September 1, 2015, prior to Kaplan's alleged conversation with Schilling. Schilling therefore became a member of GPC upon its formation on September 10, 2015. Defendants also claim that Schilling was not a member of GPC because GPC's Operating Agreement lists SLI as its only member. *See* ECF No. 33 Ex. B. However, the fact that Schilling was not listed as a member in GPC's Operating Agreement is of no consequence given the Agreement's express terms. *See* Mich. Comp. Laws § 450.4501(1) (stating that a person may be admitted as a member of an LLC in connection with the LLC's formation in "any manner established in a written agreement of the members").

Nevertheless, they Court may retain jurisdiction over this action if Defendants can show that

Schilling's membership interest was terminated prior to December 21, 2015, the date the present action commenced. Under the express terms of the Agreement, however, Schilling's membership interest could only be modified in writing, signed by Schilling. *See* ECF No. 13 Ex. A, ¶ 15. Although Michigan law allows parties to amend a contract notwithstanding the existence of a written modification clause, the modification must be "established through clear and convincing evidence of a written agreement, oral agreement, or affirmative conduct establishing mutual agreement to modify or waive the particular original contract." *Qual. Prods. & Concepts Co. v. Nagel Precision, Inc.*, 666 N.W.2d 251, 253–54 (Mich. 2003). Here, the only evidence that the parties agreed to change Schilling's membership interest is an affidavit from Kaplan stating that he told Schilling in mid-September that they were not "moving forward" with the Agreement. ECF No. 51 ¶ 2; ECF No. 33 ¶ 22. Although Defendants cite to other affidavits regarding the fact that Schilling never received any *employment* benefits, such affidavits are irrelevant to Schilling's status as a *member*. The Agreement states that if Schilling is terminated as an employee, he "shall have [his] membership interest purchased by [GPC]." ECF No. 13 Ex. A, ¶ 7(b). Defendants have provided no evidence that GPC ever purchased Schilling's membership interest. Indeed, Schilling himself, who is an adverse party to Plaintiff in a separate lawsuit, believes that he still remains a member of GPC. *See* Schilling Aff. ¶ 8, ECF No. 42.

Based on the foregoing, Defendants cannot meet their burden to show by clear and convincing evidence that the Agreement was ever modified to divest Schilling of his membership interest in GPC. The Court concludes that Schilling remains a member of GPC. Because Schilling is a citizen of Minnesota, GPC is also a citizen of Minnesota for jurisdictional purposes. *See OnePoint Sols., LLC*, 486 F.3d at 346. As Plaintiff is also a citizen of Minnesota, complete diversity

does not exist and this Court lacks subject matter jurisdiction over the present action.

B.     **Deficiencies in Defendants' Notice of Removal**

"When diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company." *Am. Seeds, LLC v. Dalchow*, No. 12-2951 (JNE/LIB), 2012 WL 5931721, at *1 (D. Minn. Nov. 27, 2012) (quoting *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009)). "[B]ecause a member of a limited liability company may itself have multiple members—and thus may itself have multiple citizenships—the federal court needs to know the citizenship of each 'sub-member' as well." *Key Enters., LLC v. Morgan*, No. 12-2628 (PJS/JSM), 2013 WL 353911, at *3 (D. Minn. Jan. 29, 2013) (quoting *Delay*, 585 F.3d at 1005).

According to Defendants' Amended Notice of Removal, Defendant SLI is a limited liability company with two members: Josh Kaplan and Supply Line International Investors, LLC ("SLI Investors"). Am. Not. of Removal ¶ 6, ECF No. 48. Although the Amended Notice states that "[a]ll the members of [SLI Investors] are Michigan citizens," Defendants fail to state the specific name and citizenship of each individual member.

Defendants' Amended Notice also states that MedvendLLC, LLC's members include, among others, Envy Tech Fund I, LLC. ECF No. 48 ¶ 9. Again, rather than listing all of the members of this LLC, Defendants merely state that "[a]ll of Envy Tech Fund I, LLC's members are Michigan citizens." *Id.* This is insufficient.

Without information regarding the individual members and sub-members of each LLC, the Court is unable to determine the citizenship of all Defendants for purposes of diversity jurisdiction.

## IV. RECOMMENDATION

Based upon the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion to remand (ECF No. 10) be **GRANTED** and this action be **REMANDED** back to Carver County District Court.

DATED: August 31, 2016                                                      *s/Franklin L. Noel*
                                                                            FRANKLIN L. NOEL
                                                                            United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **September 15, 2016**, written objections that specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **September 15, 2016**, a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.