UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| TOTAL AUTOMOTIVE, INC., | Civil No. 16-1307 (JRT/FLN) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |
| SUPPLY LINE INTERNATIONAL, LLC, GLOBAL PARTS CONNECTION, LLC, AUTO SOURCE NETWORK, LLC, SUPPLY LINE INTERNATIONAL MEDICAL, LLC, MEDVENDLLC, LLC, JOSH KAPLAN, and SCOTT BRUNO, | |
| Defendants. | |

Jodi L. Johnson and Marc A. Al, **STOEL RIVES LLP**, 33 South Sixth Street, Suite 4200, Minneapolis, MN 55402; and Justin H. Evans, **ZELLE LLP**, 500 Washington Avenue South, Suite 4000, Minneapolis, MN 55415, for plaintiff.

Marshall H. Tanick and Brian N. Niemczyk, **HELLMUTH & JOHNSON PLLC**, 8050 West 78th Street, Edina, MN 55439, and Ari B. Berris, **BERRIS LAW FIRM, P.C**., 42350 Grand River Avenue, Novi, MI 48025, for defendants.

This issue before the Court is whether complete diversity between the parties exists to satisfy the requirements for federal subject matter jurisdiction under 28 U.S.C. § 1332. Plaintiff Total Automotive, Inc. ("Total") is a Minnesota corporation. Defendants Supply Line International, LLC ("SLI"), Global Parts Connection, LLC ("GPC"), Auto Source Network, LLC, Supply Line International Medical, LLC, MedVendLLC, LLC ("Medvend"), Josh Kaplan, and Scott Bruno, are seven interrelated

parties (collectively, "Defendants") who are based in Michigan, except for Defendant Bruno who resides in Florida.

After Total originally filed this action in Minnesota state court, Defendant Bruno removed based on diversity. In response to Total's subsequent motion to remand, on August 31, 2016, United States Magistrate Judge Franklin Noel issued a Report and Recommendation ("R&R") recommending remand for lack of diversity and due to deficiencies in the notice of removal. Defendants timely objected to the R&R on both grounds.

Because the Court finds that pursuant to a contractual agreement and under the applicable common law, a Minnesota citizen became a member of GPC before the filing of this action and any subsequent attempt to verbally terminate that membership interest unilaterally failed as a matter of law, there was not complete diversity at the time of removal. Thus the Court will overrule the Defendants' objections, adopt the Magistrate Judge's R&R, and remand this action to Minnesota state court.

## BACKGROUND AND PROCEDURAL HISTORY

### I. FACTUAL BACKGROUND

Total is a Minnesota corporation that distributes vehicle parts and supplies and does business primarily with vehicle dealerships and repair shops. (Defs.' Objs. to R&R at 2, Sept. 15, 2016, Docket No. 54; Aff. of Josh A. Kaplan ("Kaplan Aff.") ¶ 4, June 21, 2016, Docket No. 33.) Early in 2015, Eric Schilling, a Minnesota citizen who was a Total employee at the time, approached SLI, an LLC operating in Michigan that

distributes vehicles supplies, about the possibility of starting his own automotive sales business with SLI's assistance.  (Kaplan Aff. ¶¶ 3-4, 8; Aff. of Eric J. Schilling ("Schilling Aff.") ¶ 2, July 1, 2016, Docket No. 42.)  Schilling expressed dissatisfaction with his employment at Total and sought out SLI because his friend, Bruno, had set up his own auto parts company with SLI's assistance.  (Kaplan Aff. ¶¶ 3, 9.)

Pursuant to their negotiations, on July 13, 2015, Schilling and SLI entered into a Partnership and Employment Agreement (the "Agreement") calling for creation of a new Michigan LLC to be known as GPC.[1]  (*See id.* ¶ 17; Decl. of Jodi L. Johnson in Supp. of Pl.'s Mot. to Remand, Ex. A ("Agreement"), May 26, 2016, Docket No. 13.)  The Agreement took effect on September 1, 2015.  (Agreement at 1.)  Under the terms of the Agreement, "[u]pon the establishment of [GPC], [SLI] shall receive eighty-one (81%) percent of the initial outstanding membership interest and [Schilling] shall receive nineteen (19%) percent of the initial membership interest."  (Agreement ¶ 1(b).)  The Agreement outlines Schilling's status as an employee of GPC, his duties, terms of employment, compensation, and benefits.  (Agreement ¶¶ 2-6.)  The Agreement's written modification clause states: "[n]o modifications, terminations or attempted waiver shall be valid unless in writing and signed by the party against whom the same is sought to be enforced."  (*Id.* ¶ 15.)  On September 10, 2015, GPC's Articles of Organization were filed with the State of Michigan.  (Kaplan Aff. ¶ 18; *id.*, Ex. A at 1.)

---

[1] Although "Newco" is the name of the LLC that the Agreement refers to, and GPC is not named in the Agreement, there is no dispute that GPC is "Newco" as contemplated in the Agreement.  (*See* R&R at 2 n.2, Aug. 31, 2016, Docket No. 53 (stating same).)

In "mid-September 2015," SLI became concerned that Schilling had taken confidential information from Total, and SLI told Schilling that his employment was "on hold." (Kaplan Aff. ¶¶ 20-22.) Schilling never received any salary or benefits from GPC. (*Id.* ¶ 23.) He also did not receive a K-1 tax form, which is used to reflect a membership interest in an LLC. (Aff. of Todd Bartlett ¶ 3, June 21, 2016, Docket No. 36; Aff. of Jeff Ellis ¶ 3, June 21, 2016, Docket No. 34.) Schilling submitted an affidavit stating that "[s]ince GPC's formation, neither GPC, nor SLI, nor I have taken any action whatsoever to terminate or otherwise change my status as a member of GPC. Accordingly, it is my understanding that I am still a member of GPC." (Schilling Aff. ¶ 8.)

## II. PROCEDURAL POSTURE

On December 21, 2015, Total commenced an action in Carver County District Court against SLI and GPC alleging a variety of state-law claims including tortious interference with Schilling's employment agreement with Total, unfair competition, and conspiracy. (Pl.'s Mem. in Supp. of Mot. to Remand at 5, May 26, 2016, Docket No. 12.) Total subsequently amended its complaint on April 21, 2016, to add claims against the remaining named Defendants. (Def.'s Notice of Removal, Ex. A, May 17, 2016, Docket No. 1.) Defendant Bruno removed this action to the District of Minnesota on May 17, 2016, invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332. (Def.'s Notice of Removal.) On May 26, 2016, Total filed a motion to remand, arguing complete diversity between the parties does not exist. (Pl.'s Mot. to Remand, May 26,

2016, Docket No. 12.)  Bruno amended his notice of removal on July 13, 2016.  (Def.'s Am. Notice of Removal, July 13, 2016, Docket No. 48.)

The Magistrate Judge concluded that Schilling became a GPC member by September 10, 2015 – the day GPC's Articles of Incorporation were filed – because the Agreement unambiguously states Schilling would become a member of GPC upon GPC's "establishment".  (R&R at 5, Aug. 31, 2016, Docket No. 53 (citing Agreement ¶ 1(b)).) The Magistrate Judge rejected the Defendants' argument that the Agreement never went into effect due to conversations between SLI and Schilling in mid-September 2015, because the executed Agreement went into effect on September 1, 2015 and Schilling became a GPC member before "mid-September." (*Id.*)  Furthermore, the Magistrate Judge concluded Schilling's membership interest was not terminated prior to December 21, 2015 – the date of this action's commencement – because there was no "clear and convincing evidence" of "affirmative conduct establishing mutual agreement to modify or waive the particular original contract," as required by Michigan law to amend a contract notwithstanding the existence of a written modification clause.  (*Id*. at 6 (citing *Quality Prods. & Concepts Co. v. Nagel Precision, Inc.*, 666 N.W.2d 251, 253-54 (Mich. 2003)).)  The Magistrate Judge noted Schilling believes he is still a GPC member and GPC's decision to put his employment on hold is irrelevant to his membership status. (*Id*. at 6.)  Thus, the Magistrate Judge concluded that because Schilling is a Minnesota citizen, GPC is also a citizen of Minnesota for jurisdictional purposes, thereby defeating complete diversity.  (*Id*. at 6-7 (citing *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007).)

Finally, the Magistrate Judge reasoned that the notice of removal is deficient because it fails to state the specific names and citizenship of each individual member and sub-member for Defendants SLI and MedVend.[2] (*Id.* at 7 (citing *Key Enters., LLC v. Morgan*, No. 12-2628, 2013 WL 353911, at *3 (D. Minn. Jan. 29, 2013) (quoting *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009) ("[B]ecause a member of a limited liability company may itself have multiple members – and thus may itself have multiple citizenships – the federal court needs to know the citizenship of each 'sub-member' as well.")))).) Therefore, the Magistrate Judge alternatively recommended remanding the case because the Court was unable to determine the citizenship of all Defendants for purposes of diversity jurisdiction. (*Id.* at 7.)

## ANALYSIS

### I.   STANDARD OF REVIEW

Upon the filing of a report and recommendation by a magistrate judge, a party may file "specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b)(1). "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections." *Mayer v. Walvatne*, No. 07-1958, 2008

---

[2] Defendants' Amended Notice of Removal states that a member of SLI is Supply Line International Investors, LLC ("SLI Investors") and that all the members of SLI Investors are Michigan citizens. (Def.'s Am. Notice of Removal ¶ 6.) Similarly, Defendants' Amended Notice of Removal also states that Medvend's members include Envy Tech Fund I, LLC, and it further states that all of Envy Tech Fund I, LLC's members are Michigan citizens. (*Id.* ¶ 9.) However, the Magistrate Judge noted, the statement of citizenship is insufficient because Defendants did not provide the specific names and citizenship of each individual member of SLI Investors or Medvend. (R&R at 7.)

WL 4527774, at *2 (D. Minn. Sept. 28, 2008). For dispositive motions, the Court reviews *de novo* any portion of an R&R that has been "properly objected to." Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3).

Because Total's motion to remand this case to state court is a dispositive motion, the Court reviews the R&R *de novo* in light of Defendants' objections.

## II. SUBJECT MATTER JURISDICTION

### A. Legal Standard

Under 28 U.S.C. § 1441, "[a] defendant's removal of a case to federal court is appropriate 'only if the action originally could have been filed there.'" *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 444 (8th Cir. 2010) (quoting *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 619 (8th Cir. 2010)). Following removal, a "plaintiff may move to remand the case if the district court lacks subject matter jurisdiction." *Id.* (citing § 1447(c)). After removal, "the defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence." *In re Prempro*, 591 F.3d at 620. If the defendant fails to meet its burden of establishing federal jurisdiction, the district court must remand the case. § 1447(c); *see Junk*, 628 F.3d at 444-45. "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *In re Prempro*, 591 F.3d at 620.

28 U.S.C. § 1332 authorizes federal jurisdiction in civil actions between "citizens of different States" when the amount in controversy exceeds $75,000. Diversity jurisdiction requires complete diversity of citizenship among the litigants. *OnePoint Sols., LLC*, 486 F.3d at 346. "Complete diversity of citizenship exists where no

defendant holds citizenship in the same state where any plaintiff holds citizenship." *Id.* Citizenship for diversity purposes is measured at the time an action is filed; for a federal court to exercise jurisdiction, complete diversity must exist at the time the defendant files the notice of removal in federal court. *See Chavez-Lavagnino v. Motivation Educ. Training, Inc.*, 714 F.3d 1055, 1056 (8th Cir. 2013).

### B. GPC's Citizenship

"An LLC's citizenship, for purposes of diversity jurisdiction, is the citizenship of each of its members." *OnePoint Sols., LLC*, 486 F.3d at 346. If the Agreement giving Schilling a membership interest in GPC was still in effect at the time Total filed suit against GPC in December 2015, then GPC was a citizen of Minnesota at that time. However, if the Agreement, which contains a written modification clause, was modified or terminated by the date the action was filed, then GPC is not a Minnesota citizen for the purpose of assessing diversity. Under Michigan law, when a contract contains a written modification clause, courts require clear and convincing evidence of "a[n] oral agreement[] or affirmative conduct establishing mutual agreement to modify or waive the particular original contract" in order to amend a contract verbally. *Quality Prods. & Concepts Co.*, 666 N.W.2d at 253-54.

Defendants object to the Magistrate Judge's conclusion that Schilling became a GPC member on September 10, 2015, arguing that the Agreement was terminated in mid-September 2015, several months before the commencement of this case on December 21, 2015. Defendants contend the fact that Schilling never received a salary, benefits, or a K-

1 tax form from GPC shows that Schilling never acted as a GPC member. Defendants assert that this "affirmative conduct" by GPC and Schilling shows that they did not consider themselves to be joint LLC members, and thus no written modification of the contractual LLC relationship was necessary pursuant to Michigan law.

The Defendants, however, have not presented any argument that the Agreement is invalid or did not go into effect on September 1, 2015. The Agreement clearly states that Schilling would become a GPC member upon the establishment of GPC. Defendants did not object to the Magistrate Judge's conclusion that GPC was established, at the latest, by the date its Articles of Incorporation were filed, which was September 10, 2015. Furthermore, Defendants have not presented any argument that the mid-September 2015 discussion to put Schilling's employment on hold occurred **before** the filing of GPC's Articles of Organization on September 10, 2015. Thus, the Court finds that Schilling became a GPC member no later than September 10, 2015, prior to the commencement of this action on December 22, 2015.

Moreover, even if SLI told Schilling that it wanted to put the already-executed Agreement on hold before September 10, 2015, the Court finds that Defendants did not offer clear and convincing evidence of affirmative conduct establishing a **mutual** agreement to modify the Agreement that Schilling would become a GPC member once GPC was established. *See Quality Prods. & Concepts Co.*, 666 N.W.2d at 253 ("[w]e hold that parties to a contract are free to **mutually** waive or modify their contract notwithstanding a written modification or anti-waiver clause because of the freedom to contract."). If anything, SLI's and GPC's proffered conduct – the discussion putting

Schilling's employment on hold, the failure to pay Schilling a salary, and the failure to provide him with benefits or provide him with a K-1 tax form – demonstrates a **unilateral** attempt to deprive Schilling of his membership interest after SLI and Schilling had already entered into a contract making Schilling a member.  *See id.* ("[T]he principle of freedom to contract does not permit a party ***unilaterally*** to alter the original contract.") As Schilling maintains under oath that he believes he is a GPC member, and Defendants have not provided any evidence of affirmative conduct by Schilling indicating an intention to modify or terminate the Agreement, the Defendants cannot meet their burden to show **mutual** agreement to divest Schilling of his GPC membership interest.

Based on the foregoing, the Court concludes that Schilling was a GPC member at the time of commencement of this action, and because Schilling is a Minnesota citizen, GPC is also a Minnesota citizen for jurisdiction purposes.  Thus, as complete diversity is lacking, the Court will overrule Defendants' first objection and remand this case to state court.

### C. Notice of Removal

The Magistrate Judge also concluded that the Defendants' Amended Notice of Removal is deficient for failing to identify the names and citizenships of the members and sub-members of two Defendant LLCs – MedVend and SLI Investors.  Defendants object, arguing that although each MedVend sub-member is not individually named, that flaw can be corrected by further amendment.  Defendants' objections do not address the Magistrate Judge's conclusion regarding SLI Investors.

Nevertheless, because the Court finds that complete diversity does not exist due to GPC's Minnesota citizenship, the Court lacks jurisdiction even if Defendants could remedy the deficiencies in the Amended Notice of Removal.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, the Court **OVERRULES** Defendants' objections [Docket No. 54] and **ADOPTS** the Report and Recommendation of the Magistrate Judge dated August 31, 2016 [Docket No. 53]. Accordingly, **IT IS HEREBY ORDERED** that:

1.  Plaintiff's motion to remand [Docket No. 10] is **GRANTED.**

2.  This action is **REMANDED** to the State of Minnesota District Court, First Judicial District, County of Carver.

**LET THE JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: December 29, 2016  
at Minneapolis, Minnesota.

_____s/ John R. Tunheim_____  
JOHN R. TUNHEIM  
Chief Judge  
United States District Court